UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMILIO D. ACETO and VALERIE A. ACETO,<br><br>      Plaintiffs,<br><br>      v.<br><br>AMERICAN BROKERS CONDUIT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC HOME LOAN SERVICING, LP, and BENDETT & MCHUGH,<br><br>      Defendants. | Civil Action No. 1:10-cv-00481-ML-DLM |

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), defendants BAC Home Loans Servicing, LP (incorrectly named as "BAC Home Loan Servicing, LP") ("BAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") hereby move to dismiss Plaintiffs' "Verified Complaint for Declaratory Judgment and Injunctive Relief Pursuant to the Provisions of § 9-30-1 et seq. of the General Laws of the State of Rhode Island" ("Complaint") against them because the Complaint fails to state any cognizable claims upon which relief could be granted, and fails to allege fraud with particularity. This Motion is based on the accompanying Memorandum of Points and Authorities.

WHEREFORE, for the reasons set forth herein and the additional reasons set forth in Defendants' Memorandum of Points and Authorities, Defendants respectfully request that the Court grant its Motion and dismiss all claims against them in the Complaint with prejudice.

>Respectfully submitted,
>
>BAC HOME LOANS SERVICING, LP and
>MORTGAGE ELECTRONIC
>REGISTRATION SYSTEMS, INC.,
>
>By their attorney,
>
>/s/ John B. Daukas
>John B. Daukas (# 5437)
>GOODWIN PROCTER LLP
>EXCHANGE PLACE
>53 State Street
>Boston, Massachusetts 02109
>Tel.: 617.570.1000
>Fax: 617.523.1231
>jdaukas@goodwinprocter.com

Dated: December 22, 2010

### CERTIFICATE OF SERVICE

I, John B. Daukas, hereby certify that on December 22, 2010, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on parties listed on the NEF as not receiving electronic notice.

>/s/ John B. Daukas
>John B. Daukas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMILIO D. ACETO and VALERIE A. ACETO,<br><br>      Plaintiffs,<br><br>    v.<br><br>AMERICAN BROKERS CONDUIT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC HOME LOAN SERVICING, LP, and BENDETT & MCHUGH,<br><br>      Defendants. | Civil Action No. 1:10-cv-00481-ML-DLM |

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants BAC Home Loans Servicing, LP (incorrectly named as "BAC Home Loan Servicing, LP") ("BAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") hereby submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss.

Plaintiff's complaint should be dismissed because they admittedly are in default on their loan obligations and are without a valid reason for delaying foreclosure. Plaintiffs Emilio and Valerie Aceto obtained a loan for $335,920 in 2005 and filed this action after foreclosure proceedings were instituted against them earlier this year. They seek sweeping relief from this Court—including a declaration that they should be allowed to own the property free and clear—based on an unconnected series of arguments about MERS (which operates an electronic registry to track transfers of loan interests) that appear to be based on form complaints available on the internet, and not on the facts of their loan.

The Court should grant this Motion and dismiss the lawsuit. As explained below,

Plaintiffs agreed in their Mortgage that MERS would serve as the nominee of the lender, and also all subsequent successors and assigns of the lender. Plaintiffs also agreed in the Mortgage that, as nominee of the lender, MERS was empowered to take any actions that the lender could take – including assigning interests in the Mortgage and taking actions needed to foreclose when the borrower defaults. For these reasons, courts in Rhode Island and elsewhere have regularly rejected arguments, such as those advanced by Plaintiffs here, which seek to challenge foreclosure proceedings because MERS was listed on the mortgage instrument as the lender's nominee, or because MERS assigned its interests in the mortgage. See, e.g., Bucci v. Lehman Bros. Bank, 2009 R.I. Super. LEXIS 110 (R.I. Super. Ct. Aug. 25, 2009); Trent v. Mortgage Elec. Registration Sys., Inc., 288 Fed. App'x 571, 572 (11th Cir. 2008); In re Mortgage Electronic Registration Sys., MDL Docket No. 09-2119-JAT, slip op. at 12-13 (D. Ariz. Sept. 30, 2010) (attached hereto as Exhibit A); Simon v. Bank of America, N.A., 2010 WL 2609436, at *11 (D. Nev. June 23, 2010); Ciardi v. The Lending Co., Inc., 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010); Cervantes v. Countrywide Home Loans, Inc., 2009 WL 3157160 (D. Ariz. Sept. 24, 2009).

Defendants respectfully request that the same result is required here. Plaintiffs' challenge to MERS are each barred by the terms of the Mortgage they executed when they obtained their loan, or by case law approving MERS's role as nominee, or both. The Court should dismiss the Complaint with prejudice.

**BACKGROUND**

On October 21, 2010, Plaintiffs Emilio and Valerie Aceto filed this lawsuit against BAC, MERS, American Brokers Conduit ("ABC"), and Bendett & McHugh ("Bendett"). Plaintiffs allege that they obtained a $335,920 loan from ABC in November 2005, that MERS was listed as

the "nominee for the Lender and Lender's successors and assigns," and MERS assigned the mortgage to BAC in July 2010. (Compl. ¶¶ 2, 10).

Plaintiffs allege that MERS cannot serve as nominee of the lender, that MERS could not assign its interests in the Mortgage because ABC filed for Chapter 11 bankruptcy proceedings after it made the loan. Id. ¶¶ 13, 19-23, 32. Plaintiffs also allege that BAC lacked authority to foreclose. Id. ¶¶ 35-37.

Plaintiff asserts four claims for relief: "declaratory judgment;" quiet title based on BAC and MERS's alleged lack of authority to foreclose; negligence against BAC regarding BAC's consideration of Plaintiffs for a loan modification; and negligent misrepresentation. Id. ¶¶ 53-81. As relief, Plaintiff seeks damages "for the value of the subject premises" and "for loss of rental income;" declaratory judgments that assignment made by MERS is void and that Plaintiffs "own[] the property as a matter of law;" a quiet title order "specifying that Plaintiff[s] own[s] a fee simple interest in the subject property;" temporary and permanent injunctive relief; and attorney's fees and costs. Id. at pp. 6-7, 9-10 (prayers for relief).

## ARGUMENT

**I.  THE COURT SHOULD DISMISS COUNTS I AND II, WHICH FAIL TO ALLEGE FACTS STATING COGNIZABLE CLAIMS FOR RELIEF.**

Plaintiffs purport to state a "claim" for "declaratory relief" in Count I and a claim to quiet title in Count II. Complaint ¶¶ 53-55; 56-60. Counts I and II fail to state cognizable claims for relief for multiple reasons, and should be dismissed.

**A.  A Request For Declaratory Relief Is Not An Independent Cause Of Action.**

Count I purports to allege a claim for declaratory relief. A request for declaratory relief is a remedy, however, and not an independent cause of action. See Harritos v. Cambio, 1996 WL 936906, at *7 (R.I. Super. Ct. Mar. 13, 1996) (declaratory judgment claim dismissed

because claim "state[d] no new theory of liability but rather relie[d] entirely upon the merits of the plaintiffs' other [meritless] claims"); Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007) ("Although the plaintiffs style 'declaratory judgment' as a cause of action, the [federal declaratory judgment statute] creates a remedy, not a cause of action"). The Court can and should dismiss Count I for this reason alone.

> **B.  Plaintiffs Cannot Challenge The Alleged Foreclosure Because They Have Not Complied With The Tender Rule.**

Counts I and II seek to challenge foreclosure proceedings with respect to their property by incorporating their allegations in Paragraph 1-52 of the Complaint. Complaint ¶¶ 53-55; 56-60. These claims should be dismissed, because Plaintiffs have not complied with Rhode Island's tender rule and so cannot challenge the alleged foreclosure proceedings.

Because interference with statutorily mandated foreclosure proceedings is equitable in nature, the tender rule provides that a borrower may not seek to challenge foreclosure proceedings unless she "made no tender or offer of payment" amounts due and owing under the loan. Hanley v. Brayton, 17 A.2d 857, 860 (R.I. 1941). Here, Plaintiffs seek relief challenging the foreclosure proceedings commenced by BAC, but they do not offer to pay any amounts due on the loan, or that they have the ability to even make such payments.

As a result, Plaintiffs "are hardly in a position to ask for equity when they themselves utterly neglect to do equity." Hanley, 17 A.2d at 860. Because Plaintiffs did not comply with Rhode Island's tender rule, their claims should be dismissed. Id., 17 A.2d at 860. See also Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1101 (E.D. Cal. 2009) (plaintiff failed to allege "any facts supporting her ability to tender any payment" and "an immediate ability or willingness to tender payment"); Joyner v. Bank of Am. Home Loans, 2010 WL 2953969, at *6 (D. Nev. July 26, 2010) (dismissing quiet title claim because plaintiff had "not

4

tendered the amount owed on the loan" even though foreclosure sale had not yet occurred); White v. BAC Home Loans Servicing, LP, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) ("to the extent [plaintiff] seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief because he has not tendered the amount due on the loan").

### C. Counts I and II Contain No Allegations Providing A Basis For Relief.

Plaintiffs raise a grab-bag of arguments to claim their foreclosure is somehow improper, but they ignore the terms of the Mortgage they signed and the case law that rejects the various arguments they raise. The Court thus should dismiss Counts I and II because Plaintiffs fail to state cognizable claims for relief.

#### 1. *MERS Properly Serves As Nominee On The Mortgage.*

Plaintiffs' main challenge to their foreclosure is that "MERS could not act as nominee" for the lender on their Mortgage. Compl. ¶ 21. See also id. ¶¶ 23, 32-34, 44, 51. Borrowers in Rhode Island and elsewhere have repeatedly raised this argument to avert foreclosure. It has been repeatedly rejected.

In Bucci v. Lehman Bros. Bank, R.I. Super. LEXIS 110 (R.I. Super. Ct. Aug. 25, 2009), for example, the plaintiff made a similar challenge to MERS's status as in this case, arguing that the language of the Mortgage did not authorize MERS to foreclose and that Rhode Island statutory law prohibited MERS from foreclosing. Bucci, R.I. Super. LEXIS 110, at *9, *15-*16. The court rejected the argument, holding that MERS could foreclose on a mortgage "because it is the named mortgagee and nominee of [the lender] and its 'successors and assigns.'" Id. at *11. The court also held that "the fact that MERS acts in a nominee capacity for the lender and the lender's successors and assigns does not diminish MERS's role as the mortgagee . . . [n]othing in the Rhode Island statutes prohibits MERS, as mortgagee in a nominee capacity from

5

foreclosing." Id. at *17-*18.

The decision in Bucci does not stand alone. Numerous decisions, including decisions from federal appellate courts,[1] federal district courts,[2] and state courts[3] have considered and

---

[1] Trent v. Mortgage Elec. Registration Sys., Inc., 288 Fed. App'x 571, 572 (11th Cir. 2008) ("Under the mortgage contracts, [MERS] has the legal right to foreclose on the debtors' property").

[2] In re Huggins, 357 B.R. 180, 183 (Bankr. D. Mass. 2006) ("MERS as the mortgagee named in a recorded mortgage (albeit in a nominee capacity) is authorized to conduct a foreclosure by power of sale"); Simon v. Bank of America, N.A., 2010 WL 2609436, at *11 (D. Nev. June 23, 2010) ("MERS is designated as the nominee of the lender and therefore has the right to foreclose"); In re Mortgage Electronic Registration Sys. ("MERS") MDL Litig., MDL Docket No. 09-2119-JAT, slip op. at 12-13 (D. Ariz. Sept. 30, 2010) (MERS and MERS-appointed trustees have the power to foreclose); Ciardi v. The Lending Co., Inc., 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010) (rejecting the argument that "the mere listing of MERS as the beneficiary renders the deed of trust invalid," and upholding the authority of MERS to foreclose on a property "[b]ecause the deed of trust explicitly states that MERS is the beneficiary with the authority to foreclose and s[ell] the property"); Cervantes v. Countrywide Home Loans, Inc., 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009) ("The fact that MERS does not obtain such rights as to collect mortgage payments or obtain legal title to the property in the event of non-payment does not transform MERS' status into a 'sham'"); In re Tucker, No. 10-61004, slip op. (Bankr. W.D. Mo. Sept. 19, 2010) (rejecting argument that listing MERS as beneficiary on deed of trust splits the note and the deed of trust and finding that MERS has authority to foreclose) (attached hereto as Exhibit C); Book v. Mortgage Electronic Registration Sys., No. 3:08-cv-821, slip op. (D. Conn. Mar. 26, 2009) (recognizing state court affirmation of MERS's legal authority to foreclose) (attached hereto as Exhibit D); Linkhart v. US Bank, N.A., 2010 WL 1996895, at *2 (S.D. Cal. May 17, 2010) (MERS has standing and "is entitled to foreclose on Plaintiff's property."); Nicholson v. OneWest Bank, 2010 WL 2732325, at *4 (N.D. Ga. April 20, 2010) ("the nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage."); Croce v. Trinity Mortgage Ins. Corp., 2009 WL 3172119, at *3 (D. Nev. Sept. 28, 2009) ("[c]ourts around the country" have held that MERS has standing as a nominee beneficiary in connection with nonjudicial foreclosure proceedings).

[3] Jackson v. Mortgage Elec. Registration Sys., Inc., 770 N.W.2d 487, 503 (Minn. 2009) (discussing the MERS system in detail and upholding it); Mortgage Elec. Registration Sys., Inc. v. Mosley, 2010 Ohio 2886 (Ohio App. July 26, 2010) (under the Deed of Trust, "MERS has the legal right to foreclose" and thus had standing); Mortgage Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. Dist. 2d Ct. App. 2007) (MERS may bring a foreclosure action even though it was not the beneficial owner and holder of the note); US Bank, N.A. v. Flynn, 27 Misc. 3d 802, 806 (N.Y. Sup. Ct. 2010) (given the broad powers conferred by the Deed of Trust, an assignment by MERS of the note and the mortgage "confers good title to the assignee and is not defective for lack of an ownership interest in the note at the time of the assignment").

rejected challenges to MERS indistinguishable from those advanced by Plaintiffs here.

Moreover, MERS is fully disclosed as the lender's nominee in the mortgage. See Mortgage at pg. 1, ¶ C (attached hereto as Exhibit B) ("MERS is a separate corporation that is **acting solely as nominee for lender and Lender's successors and assigns**.") (emphasis added); pg. 3 (". . . Borrower does hereby mortgage, grant, and convey to MERS (solely **as nominee for Lender and Lender's successors and assigns**) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property.") (emphasis added).[4] Plaintiffs also agreed that MERS would be entitled "to exercise any or all" of ABC's interests under the Mortgage including "the right to foreclose and sell the Property; and to take any action required of Lender." Id. Plaintiff executed a mortgage containing these terms, and having done so, they agreed to use of MERS. As courts have repeatedly held, they cannot be heard to complain about its status as nominee when faced with foreclosure after a loan default. See Bucci, R.I. Super. LEXIS 110, at *11 ("MERS has the right to invoke the Statutory Power of Sale here because it is the named mortgagee and nominee of [lender] and its 'successors and assigns.'"); In re Huggins, 357 B.R. at 183 ("MERS then has the customary rights of a mortgagee under a Massachusetts mortgage and may act under the Mortgage on [the note holder's] behalf . . . MERS as the mortgagee named in a recorded mortgage (albeit in a nominee capacity) is authorized to conduct a foreclosure by power of sale"); In re MERS MDL Litig., slip op. at 12-13 ("from the very language of the deeds of trust, to which Plaintiffs agreed in entering into their home loan transaction, MERS is still acting as the nominee for the current holder of the promissory note");

---

[4] The Court may properly consider Plaintiffs' Mortgage in deciding a Rule 12 motion because Plaintiffs refer to the Mortgage in the Complaint (Compl. ¶¶ 10-28), attach it as an exhibit to the Complaint, and base their claims on the document. Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).

7

Ciardi, 2010 WL 2079735, at *3 ("Plaintiffs ignore the language of the Deed of Trust, which Plaintiff Bianca Ciardi freely entered into . . . Because the deed of trust explicitly states that MERS is the beneficiary with the authority to foreclose and sell the property" plaintiffs may not challenge its status as nominee).

In short, the fact that MERS was listed as the nominee of the lender under Plaintiff's Mortgage is no basis for them to invalidate the current foreclosure proceedings.

### 2. *The Original Lender's Bankruptcy Does Not Prevent Foreclosure.*

Plaintiffs also allege that MERS could not assign its interest in the Mortgage to BAC because the original lender, ABC, filed bankruptcy proceedings after the loan was made and "never reaffirmed" its nominee relation with MERS in the bankruptcy proceedings. Compl. ¶¶ 13, 19-22. These allegations state no claim because the ABC bankruptcy has no impact on MERS's ability to assign its interests under the Mortgage.

MERS is a party to the Mortgage and therefore, had the right to assign it. In the Mortgage, Plaintiffs expressly agreed that MERS would serve as nominee not only of ABC, but also of all successors and assigns of ABC:

> MERS is a separate corporation that is acting solely as nominee for lender and Lender's successors and assigns.

Mortgage at pg. 1, ¶ C. Plaintiffs also "mortgage[d], grant[ed], and convey[ed] to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property" Id. at pg. 3. Plaintiffs also agreed that MERS, "as nominee for Lender and Lender's successors and assigns" would be entitled "to exercise any or all" of ABC's interests under the Mortgage including "the right to foreclose and sell the Property; and to take any action required of Lender" Id. at pg. 3. Further, Plaintiffs agreed that

successors and assigns of ABC would have all the rights under the Mortgage as ABC. Id. ¶ 13 ("The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit successors and assigns of Lender"). As a result, MERS plainly had the power to execute an assignment of the Mortgage, regardless of ABC's bankrupt status at the time MERS executed the assignment.

Thus, on the date they obtained the loan, Plaintiffs agreed that MERS was authorized under the Mortgage to assign its interests at a later date. They cite no authority, and Defendants are aware of none, by which ABC's bankruptcy impacted MERS's power to exercise its rights.[5]

### 3. *BAC Was Authorized To Foreclose.*

Finally, Plaintiff claims that BAC is "not the Lender" under the Mortgage, and so it "wrongly and without contractual or statutory authority," published the notice of sale and attempted to invoke the power of sale. Compl. ¶¶ 35-36. The argument that only the original lender could foreclosure again ignores the plain terms of the Mortgage and has already been rejected in other cases.

As discussed above, the Mortgage explicitly allowed MERS to assign the Mortgage to BAC. Moreover, Plaintiffs agreed that "[t]he covenants and agreements of this Security Instrument shall bind . . . and benefit successors and assigns of Lender"). Mortgage at ¶ 13.

---

[5] Plaintiffs also contend that ABC "did not authorize th[e]" assignment from MERS to BAC (Compl. ¶ 18), but no such authorization was needed because, as shown above, MERS had full authority to take actions on behalf of ABC and its successors and assigns. Plaintiff also claims that the individual who executed the assignment was not authorized to do so (Compl. ¶ 17), but similar allegations has previously been rejected as vague and conclusory. Phillips v. Wells Fargo Bank, N.A., 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (dismissing complaint and rejecting allegation that "assignment was signed by an unauthorized party, because [individual] was not and is not a Vice President of MERS" as entirely unsupported by factual allegations) (internal quotation and citation omitted).

9

Thus, as Rhode Island statutory law provides – and Bucci and numerous other courts have recognized – the original lender is not the only entity that may foreclose. Rather, foreclosure under the Mortgage may be exercised by entities such as BAC to whom the Mortgage has been assigned. See R.I. Stat. § 34-11-22 (". . . it shall be lawful for the mortgagee or his, her or its executors, administrators, **successors or assigns** to sell . . .) (emphasis added).

Indeed, in Bucci, the Court rejected the argument that the ability to foreclose pursuant to R.I. Stat. § 34-11-22 was limited to original lender. It found that such an interpretation –

> would be an absurd result because named mortgagees and lenders would be precluded from employing servicers to service and collect obligations secured by real estate mortgages. Clearly, the [Rhode Island] General Assembly envisioned a role for mortgage servicers in the mortgage lending industry.

R.I. Super. LEXIS 110, at *18-19. Other courts have reached the same conclusion under similar foreclosure statutes. See also Wayne v. Home Servicing, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008) ("th[e] authorization to proceed with foreclosure is one of the functions of a loan servicer"); Elias v. HomeEq Servicing, 2009 WL 481270, at *1 (D. Nev. Feb. 25, 2009) (loan servicer and loan owner have standing to seek foreclosure); Bankers Trust (Del.) v. 236 Beltway Inv., 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (servicer has standing to foreclose even if not the holder of the mortgage). Plaintiffs' argument is meritless and should be rejected.

**II. COUNT III FAILS TO STATE A CLAIM FOR NEGLIGENCE.**

Plaintiffs assert a negligence claim in connection with a purported loan modification request. Complaint ¶¶ 63-66. Dismissal is required because (1) Defendants did not owe any duty of care to Plaintiffs; and (2) Count III merely contains the recitation of the legal elements of a negligence claim, and fails to set forth any facts required to state a cognizable claim for relief.

**A. Defendants Owed No Duty To Plaintiffs.**

To maintain a cause of action for negligence under Rhode Island law, a plaintiff must

establish four elements: (1) a legally cognizable duty owed by defendant to plaintiff; (2) breach of that duty; (3) that the conduct proximately caused the injury; and (4) actual loss or damage. Medeiros v. Sitrin, 984 A.2d 620, 625 (R.I. 2009). "A defendant cannot be liable under a theory of negligence unless it owes a duty of care to the plaintiff." Tavares ex rel. Guiterrez v. Barbour, 790 A.2d 1110, 1112 (R.I. 2002) (internal quotation and citations omitted). Whether a duty of care exists "is a question of law for the court to decide." Id. (internal quotation and citations omitted).

Count III fails because Defendants did not owe Plaintiffs a duty of care, a required element for every negligence claim. Although Plaintiffs complain about activities that allegedly occurred with respect to their loan modification request, as a matter of law the relationship between a creditor and debtor does not give rise to a duty of care. See Corcoran v. Saxon Mortgage Servs., Inc., 2010 WL 2106179, at *4 (D. Mass. May 24, 2010) (dismissing negligence claim because "a lender owes no general duty of care to a borrower"); Murray v. America's Servicing Co., 2009 WL 323375, at *5 (Mass. Super. Jan. 12, 2009) (allowing motion for summary judgment as to negligence claim asserted by borrower against lender because "[a] lender owes no general duty of care to a borrower"); Santucci v. Citizens Bank of R.I., 799 A.2d 254, 257 (R.I. 2002) (relationship between bank and depositors did not give rise to duty of care required for negligence claim, as it was a "debtor and creditor relationship"). Rather, Plaintiffs and Defendants stood in an ordinary commercial relationship in which no duty of care was owed. Id. ("the rights and obligations of each with respect to the fund on deposit are governed by the terms of the contract which they enter into at the time of the establishment of the relationship") (internal quotation and citation omitted). The Court should accordingly dismiss Count III.

     **B.**     **Count III Is Conclusory And Fails To Allege Specific Facts Stating A Claim For Relief.**

Count III also must be dismissed because Plaintiffs' brief and conclusory paragraphs (Complaint ¶¶ 62-66) do not meet the standard of "plausibly suggesting" that Plaintiffs are entitled to relief on a negligence claim, as the Federal Rules require. Twombly, 550 U.S. at 555 (a claim must allege "more than labels and conclusions"). This cause of action is instead conclusory, and recites elements of a cause of action with no specific factual allegations providing details about the supposed negligence about which Plaintiffs complain.[6] The Court should dismiss Count III for this reason as well. Picard v. City of Woonsocket, 2010 WL 2134106, at *5 (D.R.I. 2010) (dismissing negligence claim; Plaintiff "failed to plead the elements of negligence with any specific facts" and allegations were "the epitome of conclusory allegations").

### III. COUNT IV FAILS TO STATE A COGNIZABLE CLAIM FOR NEGLIGENT MISREPRESENTATION.

Count IV asserts that Defendants misrepresented "ownership of the mortgage, the note, and the authority to assign mortgages" and that these actions constitute negligent misrepresentation. Complaint ¶¶ 67-73. Just as with their negligence claim, Plaintiffs must show that Defendants owed Plaintiffs a duty of care to prove their negligent misrepresentation claim. Tavares ex rel. Guiterrez, 790 A.2d at 1112 ("A defendant cannot be liable under a theory of negligence unless it owes a duty of care to the plaintiff.") (internal quotation and citations omitted)). However, as explained in Part IIA, no such duty exists between Plaintiffs and Defendants as a matter of law. Count IV fails for the same reasons.

Independently, the Court also should dismiss Count IV because it fails to meet the

---

[6] Complaint ¶¶ 62-66 (Defendants "fail[ed] to timely evaluation [their loan modification] application," "los[t] requested documents," "fail[ed] to evaluate the [loan modification] application," and began foreclosure proceedings before notifying Plaintiffs that their loan modification application was denied).

12

requirements of Rule 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Claims of fraud may not be lightly made. Rule 9(b) requires that a plaintiff "must specify the time, place, and content of an alleged false representation." United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 735 (1st Cir. 2007). This requirement exists "to give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage strike suits, and to prevent the filing of suits that simply hope to uncover relevant information during discovery." Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir.1996) (internal quotations omitted); United States ex rel. Ondis v. City of Woonsocket, R.I., No. 07-150T, 2008 WL 282274, at *2 (D.R.I. Jan. 21, 2008) (following Doyle).[7]

Plaintiffs' allegations clearly fail to meet the standard of specificity required for stating a fraud claim under Rule 9(b). Count IV again consists of a recitation of legal elements. It lumps together all of the defendants and attributes all actions to all of them. E.g., Complaint ¶ 69 ("MERS, BAC, and Bendett accepted and recorded an assignment in the Coventry Land Evidence Records misrepresenting the ownership of the mortgage, the note, and the authority to assign mortgages."). And, Count IV makes no specific allegations about the alleged fraud; it does not, for example, allege with specificity which employees of Defendants with whom Plaintiffs interacted; describe when meetings or conversations took place; explain what statements were made by Defendants' employees; or provide specific facts indicating how

---

[7] In Rhode Island a claim for misrepresentation is extremely similar to a claim for fraud. See Parker v. Byrne, 996 A.2d 627, 634 & n.3 (R.I. 2010) ("The plaintiffs identify this claim as 'misrepresentation' on appeal. However, we will treat it as a fraud claim, as it appears in their complaint. They have used these terms interchangeably throughout the proceedings."); see also N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 & n.4 (1st Cir. 2009) ("[O]ne might think that negligent misrepresentation and fiduciary duty were not on their face subject to Rule 9(b), but the case law here and in other circuits reads Rule 9(b) expansively to cover associated claims where the core allegations effectively charge fraud.").

13

Plaintiffs relied to their detriment. Courts routinely dismiss these formulaic, threadbare assertions of fraud. See, e.g., United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45-48 (1st Cir. 2009) (dismissing False Claims Act claims for "provid[ing] no details on what the alleged 'false, misleading and fraudulent pretenses and representations' consisted of, who made them, or when they were made" as required by Rule 9(b)); Ahmed v. Rosenblatt, 118 F.3d 886, 888-90 (1st Cir. 1997) (dismissing RICO claim because complaint "supplie[d] no times, places, or contents" and "failed to show the required predicate acts" as required by Rule 9(b)). Defendants respectfully submit that the same result is required here.

## CONCLUSION

For these reasons, defendants BAC Home Loans Servicing, LP (incorrectly named as "BAC Home Loan Servicing, LP") and Mortgage Electronic Registration Systems, Inc. respectfully request that the Court grant its Motion and dismiss all claims against them in the Complaint with prejudice.

Respectfully submitted,

BAC HOME LOANS SERVICING, LP and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

By their attorney,

/s/ John B. Daukas
John B. Daukas (# 5437)
GOODWIN PROCTER LLP
EXCHANGE PLACE
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jdaukas@goodwinprocter.com

Dated: December 22, 2010

## **CERTIFICATE OF SERVICE**

I, John B. Daukas, hereby certify that on December 22, 2010, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on parties listed on the NEF as not receiving electronic notice.

/s/ John B. Daukas  
John B. Daukas